**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 06a0804n.06
Filed: November 1, 2006

No. 06-5001

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| JAMES E. BROWN, SR., | ) | |
| | ) | |
| **Plaintiff-Appellant,** | ) | **ON APPEAL** FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE MIDDLE |
| | ) | DISTRICT OF TENNESSEE |
| DR. JAMES G. ROCHE, Secretary, | ) | |
| Department of the U.S. Air Force, | ) | |
| | ) | **O P I N I O N** |
| **Defendant-Appellee.** | ) | |
| _____ | ) | |

Before: MOORE, ROGERS, and GIBSON,[*] Circuit Judges.

**KAREN NELSON MOORE, Circuit Judge.** Plaintiff-Appellant James E. Brown, Sr.

("Brown") appeals the district court's dismissal of his claim that the Air Force National Guard's (the

"National Guard") failure to promote him violated the Age Discrimination in Employment Act

("ADEA"). When a younger and allegedly less qualified applicant was chosen over Brown for a

supervisory position, Brown, a National Guard technician, filed a discrimination charge with the

Equal Employment Opportunity Commission ("EEOC"). At the conclusion of the administrative

adjudication process, the agency determined that no discrimination had occurred, and Brown then

filed the instant suit. The district court granted the Air Force's motion to dismiss for lack of subject

_____

[*]The Honorable John R. Gibson, Circuit Judge of the United States Court of Appeals for the
Eighth Circuit, sitting by designation.

matter jurisdiction on the ground that, because Brown's position was a military one, his action is barred. Brown now appeals that ruling.

## I. FACTS AND PROCEDURE

Brown was employed by the Air Force as a National Guard technician (a "technician") at Berry Field in Nashville, Tennessee. Technicians are employed in "(1) the administration and training of the National Guard; and (2) the maintenance and repair of supplies issued to the National Guard or the armed forces." 32 U.S.C. § 709(a). As a technician, Brown was required by statute to serve in both civilian and military capacities — in, that is, a "dual status." *Id.* § 709(b).

> [A] military technician (dual status) is a Federal civilian employee who —
> (A) is employed under . . . section 709(b) of title 32;
> (B) is required as a condition of that employment to maintain membership in the Selected Reserve; and
> (C) is assigned to a civilian position as a technician in the administration and training of the Selected Reserve or in the maintenance and repair of supplies or equipment issued to the Selected Reserve or the armed forces.

10 U.S.C. § 10216.

In December 1998, the National Guard announced that it had a vacancy for a Quality Assurance Specialist ("QAS") at Berry Field. Brown, who was then fifty-seven years old, applied for the position. He was granted an interview, but the job was eventually awarded to Clay Crabtree, who was in his mid-thirties. In September 1999, Brown filed a pro se age-discrimination complaint with the National Guard Bureau. Although an administrative law judge ("ALJ") initially found that the National Guard had violated the ADEA, the agency later reversed that determination and issued a Final Agency Decision finding that Brown had not suffered age discrimination. Brown then filed suit in the United States District Court for the Middle District of Tennessee, which subsequently

2

granted the National Guard's motion to dismiss for lack of subject matter jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(1).  Brown now appeals that ruling.

## II.  ANALYSIS

"We . . . review de novo the district court's decision to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1)."  *Howard v. Whitbeck*, 382 F.3d 633, 636 (6th Cir. 2004).  In this case, the district court dismissed Brown's claim on the ground that *Feres v. United States*, 340 U.S. 135 (1950), prohibits federal courts from adjudicating employment discrimination claims brought by employees of the United States armed forces.  The district court reasoned that the federal courts' repeated refusal to exercise jurisdiction over discrimination claims brought under other federal statutes indicates that the *Feres* doctrine applies to ADEA claims as well.

In *Feres*, the Supreme Court held that, because "the relationship of military personnel to the Government has [historically] been governed exclusively by federal law," the courts "cannot impute to Congress . . .[,] in the absence of express congressional command," the intent to authorize civil suits against the government by members of the armed services.  340 U.S. at 146; *see also Major v. United States*, 835 F.2d 641 (6th Cir. 1987) (applying *Feres*).  Although *Feres* and *Major* involved the Federal Tort Claims Act, 28 U.S.C. § 1346, subsequent cases have expanded the *Feres* doctrine to encompass, inter alia, discrimination claims brought under Title VII, 42 U.S.C. §§ 2000e et seq., *see Fisher v. Peters*, 249 F.3d 433, 437-38 (6th Cir. 2001), and claims for the violation of constitutional rights brought under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), *see Chappell v. Wallace*, 462 U.S. 296, 304 (1983).

Brown argues that the *Feres* doctrine does not apply to his ADEA claim because he asserts that claim in his civilian, not his military, capacity. As the government points out, however, we have held that the National Guard technician position is "irreducibly military" for purposes of the *Feres* doctrine. *Fisher*, 249 F.3d at 439 ("The district court was correct in observing that [e]very court having occasion closely to consider the capacity of National Guard technicians has determined that capacity to be irreducibly military in nature, and we are satisfied that Col. Leistiko's technician job was of this nature.") (internal quotation marks and citation omitted; alteration in original). We therefore conclude that the *Feres* doctrine, as applied in *Fisher*, bars Brown's action.

## III. CONCLUSION

Because the *Feres* doctrine applies to Brown's ADEA claim, that claim is barred. We therefore **AFFIRM** the district court's dismissal of this action.